UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| COREY SPAULDING and<br>SARAH CATHERINE SPAULDING,<br><br>    Plaintiffs,<br><br>v.<br><br>PAM BONDI, U.S. ATTORNEY; and<br>BARRY SIMS, CONSTABLE CITY OF<br>FRAMINGHAM,<br><br>    Defendants. | Civil Action No. 25-CV-12069-AK |

**MEMORANDUM AND ORDER**

**A. KELLEY, D.J.**

Plaintiffs Corey Spaulding and Sarah Catherine Spaulding, proceeding *pro se*, initiated this civil action against the United States Attorney General and a Massachusetts constable ("Constable").[1] [Dkt. 1]. Plaintiffs filed three motions: (1) a motion for appointment of counsel [Dkt. 2]; (2) a motion for disabilities to be accommodated [Dkt. 6]; and (3) a motion for one plaintiff to proceed by pseudonym [Dkt. 7] (collectively, the "Motions"). Plaintiffs did not pay the required filing fee or move to proceed in forma pauperis ("IFP"). For the reasons below, the Court **DENIES** all pending Motions and **DISMISSES** this action under its inherent authority.

**I.   Background**

Plaintiffs' 148-page complaint details a series of grievances involving private individuals and government actors, beginning in 2004 and culminating in a July 2025 housing court

---

[1] Plaintiffs are suing each Defendant in both the Defendant's individual and official capacities. [Dkt. 1 at 1] (case caption).

1

judgment awarding possession of their Framingham home (the "Property") following foreclosure proceedings. Plaintiffs allege that this outcome was retaliatory, and part of a broader, uninvestigated criminal conspiracy connected to their prior filings in federal court and complaints lodged against judicial officers.

They invoke federal question jurisdiction under 28 U.S.C. § 1331 and assert claims under 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), for alleged violations of their constitutional rights.  In addition, the complaint references a range of federal criminal statutes, including: 18 U.S.C. § 201 (bribery of public officials), 18 U.S.C. § 242 (deprivation of rights under color of law), 18 U.S.C. § 666 (theft or bribery involving federally funded programs), 18 U.S.C. § 1346 (honest services fraud), 18 U.S.C. §§ 1501–1502 (obstruction of justice), 31 U.S.C. § 3730 (False Claims Act), and The Federal Tort Claims Act.  [Dkt. 1 at ¶  3].  Plaintiffs seek a preliminary injunction, a 14-day temporary restraining order, and referral to federal prosecutors to investigate the alleged conspiracy.  A review of court records indicates that Plaintiffs have previously filed at least six pro se actions in this District, all of which were dismissed without prejudice, and currently have one case pending that awaits IFP screening.[2]

## II.    The Motion for Appointment of Counsel

Plaintiffs request the appointment of counsel.  The law provides that "[t]he court may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).

Here, Plaintiffs have neither paid the filing fee nor submitted an IFP application. Moreover, "[t]here is no absolute constitutional right to a free lawyer in a civil case."  DesRosiers

---

[2] Corey Spaulding, et al.  v. Town of Natick et al., No. 23-10017-LTS; Spaulding v. City of Framingham, et al., No. 23-12933-LTS; Corey Spaulding v. Meltzer et al., No. 23-13222-LTS; Sarah Spaulding, et al. v. Warren, et al., No. 24-12381-RGS; Sarah Spaulding, et al. v. Dep't of Justice, et al., No. 24-12382-LTS ; Sarah Spaulding, et al. v. US Doe, et al., No. 24-12401-ADB; and Spaulding, et al. v. City of Framingham, et al., No. 25-11179-ADB.

v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).  Therefore, the Plaintiffs' motion for appointment of counsel is **DENIED**.

### III.     Legal Standards

#### A.  Subject-Matter Jurisdiction

Under Federal Rule of Civil Procedure 12(h)(3), the Court must dismiss any action over which it lacks subject-matter jurisdiction.  See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004).  Jurisdiction must be based on either a federal question under 28 U.S.C. § 1331 or complete diversity of citizenship under 28 U.S.C. § 1332.

#### B.  Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when it "fail[s] to state a claim upon which relief can be granted."  To avoid dismissal, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008).  The Court may also dismiss an action *sua sponte* for this reason.  See Carlsen v. Carlsen, Civil Action No. 11-11119, 2011 WL 2632260 (D. Mass. July 1, 2011).

Federal courts possess inherent authority to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 107 (2017) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630–31 (1962)).  This includes the power to dismiss actions that are frivolous or malicious.  See Mallard v. United States Dist. Ct., 490 U.S. 296, 307–08 (1989); Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 11 n.5 (1st Cir. 1985).  A claim is legally frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

## IV.    Discussion

At the pleading stage, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in Plaintiffs' favor.  Estelle v Gamble, 429 U.S. 97 (1976).  *Pro se* complaints are construed liberally.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  Even under this generous standard, dismissal is warranted because the complaint lacks any plausible basis in law.  See Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008) (stating that a complaint must allege a plausible entitlement to relief).  Plaintiffs have failed to establish subject-matter jurisdiction, have not stated any viable federal claim, and seek relief beyond the scope of this Court's authority.

### A.  42 U.S.C. § 1983 – First Amendment Retaliation

To state a claim under 42 U.S.C. § 1983, Plaintiffs must allege facts showing: (1) the defendant acted under color of state law; and (2) the defendant deprived them of rights secured by the Constitution or federal law.  Cruz-Arce v. Mgmt. Admin. Servs. Corp., 19 F.4th 538, 543 (1st Cir. 2021)).

Plaintiffs challenge the Constable's execution of a housing-court eviction order, claiming it was retaliatory.  The Court takes judicial notice that, on July 8, 2025, the Central Housing Court issued an Execution for Possession in Gilberto Mendes, Trustee of Prospect 230 Realty Trust v. Corey M. Spaulding, No. 25H85SP001853 (Mass. Housing Ct.).[3]  Plaintiffs have not alleged that the Constable acted outside the scope of this valid court order.  They offer no facts suggesting the eviction was motivated by prior litigation, nor that the Constable conspired with others to deprive them of constitutional rights.  See Alianza Ams. at 52-53.  Instead, the

---

[3] "It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." Wiener v. MIB Group, Inc., 86 F.4th 76, 81 n.3 (1st Cir. 2023)) (quoting Rodi v. S. New Eng. Sch. of L., 389 F.3d 5, 19 (1st Cir. 2004)).

4

complaint relies solely on conclusory assertions of conspiracy and retaliation, which are insufficient. See Twombly, 550 U.S. at 557 (holding that conclusory allegations of a conspiracy or agreement do not supply facts adequate to show illegality). Moreover, Plaintiffs do not name the state-court plaintiff—Trustee Gilberto Mendes—as a defendant, and he is not a state actor. Attribution of harm to an alleged "continuing criminal conspiracy" without supporting facts does not establish a legally cognizable theory of cooperation or conspiracy. Accordingly, Plaintiffs' First Amendment retaliation claim under § 1983 is **DISMISSED** for failure to state a claim.

### B. Bivens Claims

To state a Bivens action, Plaintiffs must allege that: a federal officer acted under color of federal law; the officer's conduct violated Plaintiffs' constitutional rights; and the suit is for damages against the officer in her individual capacity. "[A] suit against a federal officer in h[er] official capacity is a suit directly against the United States and is therefore subject to the doctrine of sovereign immunity." Anderson v. Heffernan, No. 12-cv-12173, 2013 WL 1629122, at *2 (D. Mass. Apr. 9, 2013) (citing Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); McCloskey v. Mueller, 446 F.3d 262, 271-72 (1st Cir. 2006)). "Under the doctrine of sovereign immunity, the Court lacks subject matter jurisdiction over a suit against the United States unless the government has explicitly waived its immunity." Id. (citing United States v. Mitchell, 445 U.S. 535, 538 (1980); FDIC v. Meyer, 510 U.S. 471, 475 (1994)). While the Bivens doctrine allows constitutional claims against federal officials, in their individual capacities, for actions taken under color of federal law, the availability of that doctrine does not override bedrock principles of sovereign immunity to permit suits against the United States, its agencies, or federal officers sued in their official capacities. See McCloskey, 446 F.3d at 271-72 (citations omitted).

Here, Plaintiffs seek to assert a <u>Bivens</u> claim against United States Attorney General Pamela Bondi only, but allege no specific acts or omissions by her. They do not seek damages, and their claims rest solely on her supervisory role. Supervisory liability is not cognizable under <u>Bivens</u>. <u>Ruiz Rivera v. Riley</u>, 209 F.3d 24, 28 (1st Cir. 2000) ("respondeat superior is not a viable theory of <u>Bivens</u> liability."). The <u>Bivens</u> doctrine allows plaintiffs to vindicate certain constitutionally protected rights through a private cause of action for damages against federal officials in their individual capacities. <u>DeMayo v. Nugent</u>, 517 F.3d 11, 14 (1st Cir. 2008). Furthermore, any suit against Bondi in her official capacity is effectively a suit against the United States and is barred by sovereign immunity absent a clear waiver. See <u>Anderson</u>, 2013 WL 1629122, at *2. Accordingly, Plaintiffs' <u>Bivens</u> claim is dismissed for lack of subject-matter jurisdiction and for failure to state a claim.

### C. Federal Tort Claims Act Claim

The Federal Tort Claims Act ("FTCA") waives sovereign immunity only if: (1) the plaintiff presents the claim to the appropriate federal agency; (2) the agency issues a final denial; and (3) the suit is filed within two years of the incident. 28 U.S.C. §§ 2675(a), 2679(d)(5). "The FTCA provides a 'limited waiver of the federal government's sovereign immunity with respect to private causes of action sounding in tort.'" <u>Torres-Estrada v. Cases</u>, 88 F.4th 14, 21 (1st Cir. 2023) (quoting <u>Fothergill v. United States</u>, 566 F.3d 248, 252 (1st Cir. 2009)); <u>see also</u> 28 U.S.C. §§ 1346(b)(1), 2674. Before suing the United States, the FTCA requires that a plaintiff has first presented the claim to the appropriate federal administrative agency and received a final denial. 28 U.S.C. § 2675(a); <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993); <u>Green v. U.S. Postal Serv.</u>, 285 F. Supp. 3d 416, 419 (D. Mass. 2018). This rule applies even when a plaintiff is proceeding without counsel. <u>McNeil</u>, 508 U.S. at 113 ("[W]e have never

suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Section 1346(a) provides, in relevant part, that district courts have jurisdiction over:

> claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).

Here, Plaintiffs reference an FTCA cause of action but allege no administrative exhaustion. Without a properly presented claim and final denial, the Court lacks jurisdiction. McNeil, 508 U.S. at 113. The FTCA count is therefore dismissed without prejudice. If Plaintiffs have exhausted their administrative remedies, they may refile and allege exhaustion.

### D. Qui Tam Claims

Plaintiffs characterize the complaint, in part, as a qui tam action alleging violations of the False Claims Act ("FCA"). See 31 U.S.C. §§ 3729-3730. "The FCA allows private persons, called relators, to bring qui tam actions on behalf of the United States against persons or entities who knowingly submit false claims to the federal government." United States ex rel. Ondis v. City of Woonsocket, 587 F.3d 49, 53 (1st Cir. 2009) (citing 31 U.S.C. § 3730(b)(1)). Under the FCA, a relator must: file the complaint under seal in the name of the United States; serve it only after the Court orders unsealing; and allow the government to investigate and decide whether to intervene. 31 U.S.C. §§ 3730(b)(1)–(3).

Plaintiffs contend that federal law authorizes the Federal Bureau of Investigation and the Department of Justice to investigate False Claims Act violations. Dkt. 1 at ¶ 2. Plaintiffs state that they are each "a Qui Tam private realtor who has exposed ongoing FCA." Id. at ¶ 801. The complaint alleges that on "July 21, 2025 Plaintiff Corey Spaulding filed a complaint with Whitehouse Counsel David Warrington to implore his influence and authority to convince the U.S. Attorney Pam Bondi to investigate these ongoing criminal conspiracies." Id. at ¶ 802.

Plaintiffs assert a "qui tam" theory but did not file under seal or in the government's name, did not allow any period for government investigation, and seek relief solely for themselves, not for the United States. In addition, the complaint is not to be served on the defendant until the court so orders. Even if Plaintiffs had complied with the procedural requirements, on the merits, Plaintiffs plead no facts showing any false or fraudulent claim submitted to the Government. 31 U.S.C. §§ 3729(a)(1)(A)–(C). To the extent a conspiracy is alleged, it is a conspiracy to violate the rights of the Plaintiffs. Accordingly, the FCA-based qui tam counts are dismissed for lack of jurisdiction and failure to state a claim.

### E. Claims under Federal Criminal Statutes

Plaintiffs invoke a host of federal criminal statutes—18 U.S.C. §§ 201, 242, 666, 1346, 1501–1502, and others—but a private citizen has no authority to pursue a federal criminal prosecution or civil relief under those criminal provisions. Only the United States, acting through its prosecutors, may enforce federal crimes. See Diaz v. Perez, No. 16-11860-RGS, 2016 WL 6871233, at *5 (D. Mass. Nov. 21, 2016) (citing Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989)). These criminal statutes do not create a private right of action. See Cent. Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164, 190 (1994) (refusing to infer a private right of action from a "bare criminal statute"); see e.g., Cok, 876 F.2d at 2 (stating that only the

United States as prosecutor can bring a complaint under 18 U.S.C.§§ 241-242); Rockefeller v. U.S. Ct. of App. Office, for Tenth Circuit Judges, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (granting motion to dismiss claim brought under 18 U.S.C. § 242); Bush v. Frazier, No. 2:18-cv-00732, 2019 WL 3305145, at *9 (N.D. Ala. July 23, 2019) ("[C]ourts have held no express or implied private right of action exists under 18 U.S.C. § 666."). Because Plaintiffs cannot sue under these criminal provisions, they fail to establish federal-question jurisdiction, or a civil cause of action based on alleged statutory violations.

### F.  Younger and Rooker-Feldman Doctrines

Plaintiffs' challenge to the Massachusetts housing court judgment is barred by two related jurisdictional doctrines: Rooker-Feldman and Younger abstention. Under the Rooker-Feldman doctrine, federal district courts lack authority to review or overturn final state-court judgments.[4] See Geiger v. Foley Hoag LLP Retirement Plan, 521 F.3d 60, 65 (1st Cir. 2008). The Younger abstention doctrine arises from Younger v. Harris, 401 U.S. 37 (1971) and bars the exercise of federal jurisdiction if it "would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge." Rossi v. Gemma, 489 F.3d 26, 34–35 (1st Cir. 2007).

Here, Plaintiffs seek relief based on the housing court eviction, but housing court actions would be precluded under one or both doctrines. If state court proceedings are ongoing, this Court lacks subject matter jurisdiction under the Younger abstention doctrine. If a final

---

[4] The doctrine is named after the Supreme Court decisions in District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

judgment has been entered in the Commonwealth's housing court, this federal court lacks subject matter jurisdiction over such claims under the Rooker-Feldman doctrine.

### G.  Pleading Requirements Under Federal Rule of Civil Procedure 8

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement" of each claim.  This protects defendants and courts from deciphering sprawling, unfocused pleadings. Belanger v. BNY Mellon Asset Mgmt., LLC, 307 F.R.D. 55, 57–58 (D. Mass. 2015).

Here, Plaintiffs' 148-page complaint violates Rule 8 by interweaving multiple grievances, legal theories, and demands for relief without clearly identifying distinct claims, the supporting facts for each, or the defendants against whom each claim is asserted.  Accordingly, the complaint fails to satisfy the minimal pleading standards of Rule 8 and must be dismissed on that ground as well.

### V.    Plaintiffs' Request for Injunctive Relief

Injunctive relief is an "extraordinary" remedy.  Cushing v. Packard, 30 F.4th 27, 35 (1st Cir. 2022).  To obtain it, Plaintiffs must show: "(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest." NuVasive, Inc. v. Day, 954 F.3d 439, 443 (1st Cir. 2020) (quoting Nieves Márquez v. Puerto Rico, 353 F.3d 108, 120 (1st Cir. 2003)).  The likelihood of success on the merits "normally weighs heaviest in the decisional scales." Coquico, Inc. v. Rodriguez-Miranda, 562 F.3d 62, 66 (1st Cir. 2009).  A motion for injunctive relief must also include notice to the adverse party and a supporting memorandum addressing each of these four requirements.

Here, Plaintiffs captioned their complaint "Motion for Temporary Restraining Order, Preliminary Injunction – Demand for Jury" but do not present arguments addressing these factors

or credible evidence to support injunctive relief. To the extent Plaintiffs seek an independent investigation of an alleged criminal conspiracy, this Court lacks the power to do so, as federal courts cannot act as criminal investigators. See generally In re United States, 441 F.3d 44, 58 (1st Cir 2006) (noting that "the federal courts in the American criminal justice system generally do not have the power to act as investigators or prosecutors of misconduct," and that "such powers are usually exercised by the grand jury and the executive branch."). To the extent Plaintiffs seek to enjoin state proceedings, the Anti-Injunction Act, 28 U.S.C. § 2283, bars courts from enjoining state proceedings absent express statutory authorization or a jurisdictional necessity. The Anti-Injunction Act's "core message is one of respect for state courts," and it "commands that those tribunals 'shall remain free from interference by federal courts.'" Smith v. Bayer Corp., 564 U.S. 299, 306 (2011) (quoting Atlantic Coast Line R. Co. v. Locomotive Eng'rs, 398 U.S. 281, 282 (1970)). The request for injunctive relief is therefore **DENIED**.

### VI.   Conclusion

Accordingly, Plaintiffs' Motion for Appointment of Counsel [Dkt. 2] is **DENIED**. This action is **DISMISSED** pursuant to the court's inherent authority, Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and Rule 8.

The Court notes that Plaintiffs recently filed a motion to use a pseudonym [Dkt. 6] and a Motion for Disabilities to Be Accommodated [Dkt. 7]. However, because this action is being dismissed, there are no live claims before the Court to warrant addressing the substance of these motions. As such, both motions are **DENIED AS MOOT**.

**SO ORDERED.**

Dated: July 31, 2025

/s/ Angel Kelley
Hon. Angel Kelley
United States District Judge