UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| COREY SPAULDING and<br>SARAH CATHERINE SPAULDING,<br><br>Plaintiffs,<br><br>v.<br><br>PAMELA BONDI, United States Attorney<br>General; and BARRY SIMS, Constable,<br>City of Framingham,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 25-CV-12069-AK |

### MEMORANDUM AND ORDER DENYING MOTION FOR RECONSIDERATION

**A. KELLEY, D.J.**

Plaintiffs Corey Spaulding and Sarah Catherine Spaulding, proceeding *pro se*, move for reconsideration of the Court's July 31, 2025 Order denying several motions and dismissing their Complaint. [Dkt. 16] (the "Motion"). For the reasons stated below, the Motion is **DENIED**.

**I.   BACKGROUND**

On July 23, 2025, Plaintiffs filed a Complaint asserting a range of grievances against private individuals and government actors dating back to 2004. [Dkt. 1]. They also filed motions for appointment of counsel, for disability accommodation, and to proceed by pseudonym. [Dkts. 2, 6, 7]. On July 31, 2025, the Court denied those motions and dismissed the action for lack of subject matter jurisdiction and for failure to state a claim. [Dkt. 9] (the "Order"). The Order explained that Plaintiffs had not alleged facts sufficient to support a First Amendment retaliation claim, failed to identify specific actions by a federal official sufficient to sustain a Bivens claim, and had not shown administrative exhaustion for the Federal Tort Claims

1

Act claim.  The Order further explained that the False Claims Act allegations did not comply with the statutory relator procedures, that several criminal statutes invoked do not create private civil causes of action, and that the Court lacked jurisdiction to grant the requested injunctive relief concerning state court matters.

Plaintiffs filed the present Motion on August 27, 2025.  The submission contains no memorandum of law directed to the Order.  It consists principally of attachments—mostly outgoing emails from Plaintiff Corey Spaulding to public officials that predate the Order—and a letter from Plaintiff Sarah Spaulding describing educational difficulties.  [Dkts. 16, 17].

## II.   LEGAL STANDARD

A motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) is an extraordinary remedy and is construed narrowly.  See Fed. R. Civ. P. 59(e); Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006).  Relief under Rule 59(e) is appropriate only to correct: (1) newly discovered evidence that could not have been obtained earlier; or (2) a manifest error of law or fact.  Id.  It is not a vehicle for relitigating issues already decided or for presenting arguments that could have been raised earlier.  See Palmer, 465 F.3d at 30; Soto-Padro v. Pub. Bldgs. Auth., 675 F.3d 1, 9 (1st Cir. 2012).  Rule 59(e) motions are "aimed at reconsideration, not initial consideration," and should not be used to "raise arguments which could, and should, have been made before the judgment issued." FDIC v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992).  The movant must identify authority or facts "overlooked" by the court that would reasonably be expected to change the outcome.  Palmer, 465 F.3d at 30.  Documents available to the movant before entry of judgment cannot be treated as newly discovered as "newly discovered."  See Gonzalez-Arroyo v. Doctors' Ctr. Hosp. Bayamon, Inc., 54 F.4th 7, 19–20 (1st Cir. 2022).  The district court also retains inherent authority to manage its docket and to dismiss

frivolous or baseless filings.  See Chambers v. NASCO, Inc., 501 U.S. 32, 43–46 (1991); Power v. Connectweb Techs., Inc., 653 F. Supp. 3d 1, 5–6 (D. Mass. 2023).

### III. DISCUSSION

Applying these principles, the Motion fails for independent reasons.

#### A. No Cognizable Argument

A Rule 59(e) motion must identify the specific error the court is alleged to have committed or present newly discovered evidence that would alter the outcome.  Plaintiffs' filing contains no legal argument explaining how the Court's analysis was incorrect or what authority the Court overlooked.  The docket entry labeled as a "motion" is a collection of attachments without any explanation of how those materials change the legal or factual landscape or undermine the Court's prior conclusions.

#### B. No Newly Discovered Evidence

The attachments are outgoing emails and other documents that predate the Court's July 31 Order.  Because these materials were available to Plaintiffs before entry of judgment, they cannot be characterized as newly discovered and therefore cannot support relief under Rule 59(e).  See Gonzalez-Arroyo, 54 F.4th at 19–20.

#### C. No Showing of Manifest Error

Plaintiffs do not identify any controlling precedent or factual finding that the Court overlooked or misapplied.  The Court dismissed the Complaint on jurisdictional grounds and for failure to state a claim.  These are defects that Plaintiffs have not attempted to cure or meaningfully contest.  Repetition of previously asserted allegations, or submission of the same underlying documents without explanation, does not demonstrate a manifest error of law or fact.  See Palmer, 465 F.3d at 30; FDIC, 978 F.2d at 16.

3

### D. Pro Se Status and Docket Management

Although *pro se* filings are afforded liberal construction, *pro se* status does not relieve a litigant of the obligation to present a cognizable legal argument or to comply with procedural rules.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).  The Court has explained the deficiencies in the Complaint and the legal bases for dismissal.  The present filing does not supply the missing elements or otherwise justify revisiting the dismissal.  The Court therefore exercises its authority to deny a motion that lacks any cognizable legal basis and that would serve only to relitigate matters already decided.  See Chambers, 501 U.S. at 43–46; Power, 653 F. Supp. 3d at 5–6.

## IV.   CONCLUSION AND ORDER

For the foregoing reasons, Plaintiffs' Motion for Reconsideration [Dkt. 16] is **DENIED**, and the Court **REAFFIRMS** its July 31, 2025 Order dismissing this action.  [Dkt. 9].  The Clerk shall enter judgment and close the case.

**SO ORDERED.**

Dated: January 23, 2026

/s/ Angel Kelley
Hon. Angel Kelley
United States District Judge